# PENNSYLVANIA RULES OF THE JUDICIAL ETHICS ADVISORY BOARD

## Subchapter A.  Preliminary Provisions
Rule 101. Title and Citation of Rules
Rule 102. Definitions
Rule 103. Authority for and Effect of Rules; Designation of Board
Rule 104. Pennsylvania Judicial Ethics Advisory Board
Rule 105. Confidentiality
Rule 106. Civil Immunity of the Board, Its Members, Employees and Agents Regarding Advice by the Board

## Subchapter B.  Requests for Judicial Advisories; Actions by the Board; Rules of Reliance
Rule 201. Standards and Timing for Requests
Rule 202. Assignment to Panel; Composition of Panel
Rule 203. Provisional Advice
Rule 204. Board Action and Publication of Opinions and Guidance
Rule 205. Informational Discussions
Rule 206. Rules of Reliance
Rule 207. Reconsideration
Rule 208. Records of Board Proceedings

## Subchapter C.  Miscellaneous Provisions
Rule 301. Conflict of Interest
Rule 302. Expenses and Staff

**Pennsylvania Rules of the Judicial Ethics Advisory Board**


**Subchapter A.  Preliminary Provisions**

**Rule 101. Title and Citation of Rules**
These rules shall be known as the Pennsylvania Rules of the Judicial Ethics Advisory Board and may be cited as "Pa.R.J.E.A.B"

**Rule 102. Definitions**
**(a) General Rule**. Subject to additional definitions contained in subsequent provisions of these rules which are applicable to specific provisions of these rules, the following words and phrases when used in these rules shall have, unless the context clearly indicates otherwise, the meanings given to them in this rule:
 "Administrative Office."  The Administrative Office of Pennsylvania Courts.
 "Board."  The Pennsylvania Judicial Ethics Advisory Board.
"Codes."  The Code of Judicial Conduct and the Rules Governing Standards of Conduct of Magisterial District Judges.
"Judicial Officer."  Any individual within the "Application" language of either of the Codes, including judicial candidates.

**(b) Number; Tense.**  In these rules the singular shall contain the plural, and the plural, the singular; and words used in the past or present tense shall include the future.

**Rule 103. Authority for and Effect of Rules; Designation of Board**
**(a) Authority for and Effect of Rules**. Pursuant to its constitutional, statutory and inherent authority as set forth in Section 10(c) of Article V of the Constitution of Pennsylvania and in 42 Pa.C.S. Sections 1722 and 1723, the Supreme Court hereby establishes a Judicial Ethics Advisory Board ("the Board").  The purpose of the Board is to provide advice and guidance to judicial officers about ethical matters that may arise in the ordinary course of judicial service, or in the elective or appointive process.

**(b) Designation of Board.** The Board is hereby designated as the approved body to render advisory opinions regarding ethical concerns involving all judicial officers and candidates for all judicial offices, superseding the prior designations of committees of the Pennsylvania Conference of State Trial Judges ("PCSTJ") and the Special Court Judges Association of Pennsylvania ("SCJAP").  Advice provided under this subchapter shall not be binding upon the Judicial Conduct Board, the Court of Judicial Conduct, or the Supreme Court, but shall be entitled to such weight as provided in these rules.

**Rule 104. Pennsylvania Judicial Ethics Advisory Board**
**(a) General Rule.** The Supreme Court shall appoint a board to be known as the "Pennsylvania Judicial Ethics Advisory Board" ("the Board") which shall consist of nine

members: one judge of the Superior Court; one judge of the Commonwealth Court; three judges of the courts of common pleas; one judge of the Philadelphia Municipal Court; two magisterial district judges who must be members of the Pennsylvania bar; and one member of the Pennsylvania bar who is not a judicial officer. A majority of the Board shall constitute a quorum; action of the Board shall be by majority vote of members attending. No member of the Board may be a member of the Judicial Conduct Board or the Court of Judicial Discipline. The Supreme Court shall designate one member to serve as Chair and another to serve as Vice-Chair.

**(b) Submissions from Representative Judicial Organizations.** The PCSTJ shall submit to the Chief Justice the names of three candidates for each Board position to be filled by a judge of a common pleas court or a judge of the Philadelphia Municipal Court. The SCJAP shall submit to the Chief Justice the names of three candidates for each Board position to be filled by a magisterial district judge. The Supreme Court shall select appointees for those positions from the names submitted. In the absence of submissions, the Supreme Court shall proceed to fill the Board positions.

**(c) Terms and Vacancies.** The first nine appointments to the Board shall be for staggered terms as follows: three members appointed for nine years, three members for six years, and three members for three years. Thereafter, a new appointment to the Board shall be for a single nine-year term. A vacancy shall be filled from the same membership category, or in the case of a representative judicial organization, using the same process, from which the vacating member was appointed. Appointments to fill a vacancy shall be for the balance of the term vacated.

**(d) Powers and Duties.** The Board shall have the authority to:

(1) Render advisory opinions regarding proper judicial conduct under the Codes. The Board may not issue an advisory opinion interpreting a judicial officer's obligations under any provision of law that does not relate to judicial ethics.

(2) Appoint an Executive Director and such other staff and experts as may from time to time be required to perform properly the functions prescribed by orders of the Supreme Court and these rules.

(3) Adopt regulations pertaining to its processes, which regulations shall not be inconsistent with these rules and shall be subject to approval by the Supreme Court.

(4) Develop a course of training in judicial ethics, which course shall be subject to approval by the Judicial Education Board, and which must be completed by every Board member prior to beginning service on the Board.

(5) Make recommendations to the Supreme Court regarding amendments to the Codes and these rules.

(6) Make recommendations to the Continuing Judicial Education Board and the Minor Judiciary Education Board regarding topics for judicial education.

(7) Undertake such other related duties as may be requested of the Board by the Supreme Court.

**(e) Duty to Report.** The Board will provide a summary of its activities to the Supreme Court on an annual basis.

**Rule 105. Confidentiality**
**(a) General Rule.** Except for publication of redacted opinions as prescribed in these rules, or as otherwise required by law, the actions and records of the Board, including all requests for ethics advisory opinions, Panel advice, Board opinions, circulated drafts, records, documents, files, internal communications, deliberations and other proceedings of the Board, any Panel thereof, and any members, agents and employees relating to the business of the Board, shall be confidential and shall not be disclosed to or open to inspection by the public.
**(b) Limited Waiver.** Notwithstanding the general rule, a judicial officer may waive confidentiality as to the advice of the Panel and the unredacted opinion of the Board, either by express written waiver or by invoking any rule of reliance in a disciplinary proceeding relating to the conduct in question. Such limited waiver shall not affect the confidentiality of all other matters protected under subsection (a) of this rule.

**Rule 106. Civil Immunity of the Board, Its Members, Employees and Agents Regarding Advice by the Board**
The Board and its members, employees, and agents are immune from all civil liability for conduct and communications occurring in the performance of Board-related duties.

**Subchapter B.  Requests for Judicial Advisories; Actions by the Board; Rules of Reliance**

**Rule 201.  Standards and Timing for Requests**
Any judicial officer may request an ethics advisory opinion ("Request").  A Request must be submitted to the Board in writing, which may include an email to an address designated by the Board.  A Request must contain a statement of the facts regarding the intended conduct and a concise question of judicial ethics, with references to the relevant section(s) of the Codes, case law and other authority the inquiring judicial officer has already consulted.  A Request must relate to the inquiring judicial officer's own prospective conduct or conduct of the inquiring judicial officer that has occurred in the past and is ongoing.  A Request may not relate to hypothetical situations or to facts that are the subject of past or pending litigation, disciplinary investigation or disciplinary proceedings.
A Request must be submitted at least 14 days prior to the event or action giving rise to the question. The Board Chair or the Chair's designee may, in his or her discretion, waive the 14-day requirement if the Chair or the Chair's designee determines that the circumstances giving rise to the Request were not reasonably foreseeable and that the inquiry can be addressed in the time available.

**Rule 202.  Assignment to Panel; Composition of Panel**
Every Request shall be assigned an identifying number. The Chair or the Chair's designee will assign the Request to a three-member panel of the Board ("Panel").  At least one member of the Panel shall be a judicial officer from the same level of the judicial

system as the inquiring judicial officer. If the inquiring judicial officer is a Justice of the Supreme Court, at least one member of the Panel shall be a judge of the Superior Court or Commonwealth Court.

## Rule 203. Provisional Advice

The Panel shall issue its advisory opinion ("Advice") in writing, which shall set forth the facts upon which the Advice is based. The Panel's Advice is provisional until acted upon by the Board. The inquiring judicial officer shall be promptly notified of the Panel's decision.

If the Panel finds that the Request contains insufficient detail to enable the Panel to render Advice, the Panel may request supplemental information from the inquiring judicial officer. If supplemental information is not provided, or is insufficient, the Panel shall decline on that basis to render Advice, and the inquiring judicial officer shall be so notified.

If the Panel determines that responding to the Request would not aid the judge, benefit the judiciary as a whole, or serve the public interest, the Panel may decline to render Advice, and the inquiring judicial officer shall be notified of the basis for the Panel's determination.

## Rule 204. Board Action and Publication of Opinions and Guidance

**(a) Review of Panel Advice.** The Board shall review all Panel Advice as soon as practicable. The Board may adopt the Panel's Advice as the opinion of the Board ("Opinion"), or may determine that the Advice should be modified or reversed by the Board. The inquiring judicial officer shall be promptly notified of the Board's decision.

**(b) Publication of Board Opinions.** Opinions of the Board shall be published on an area of the Board's web page available only to judicial officers, and shall be redacted to remove information that might tend to identify the inquiring judicial officer or any other person. The redacted Opinions shall be posted in searchable form, and shall be indexed by the relevant provisions of the applicable Code. The Board may exempt an Opinion from publication if the Board finds that the identity of the requester cannot be protected to the Board's satisfaction through redaction.

**(c) General Ethics Guidance.** The Board may, in its discretion, issue general ethics advisory guidance ("General Guidance") on relevant topics. Such General Guidance may be published on a public area of the Board's web page.

## Rule 205. Informational Discussions

Board members and Board staff may engage in informal or informational discussions in response to inquiries from judicial officers.

## Rule 206. Rules of Reliance

**(a)** Where a judicial officer complies with Advice that is subsequently adopted as a Board Opinion, such compliance shall be entitled to substantial weight in determining whether discipline should be recommended or imposed.

**(b)** Where a judicial officer complies with Advice that is subsequently reversed or modified by the Board, compliance prior to the time the judicial officer is notified of the Board's action shall be taken into account in determining whether discipline should be recommended or imposed.

**(c)** Where a judicial officer complies with General Guidance, such compliance may be taken into account in determining whether discipline should be recommended or imposed.

**(d)** Informal or informational discussions with Board members or Board staff shall not be afforded consideration in determining whether discipline should be recommended or imposed.

### Rule 207.  Reconsideration

The inquiring judicial officer may submit a written request for reconsideration within twenty days of the date of the Board's Opinion adopting, modifying or reversing the provisional Advice.  A request for reconsideration shall not alter the effect of the Board's decision unless the Opinion is withdrawn or modified by the Board.

### Rule 208.  Records of Board Proceedings

Subject to the requirement of confidentiality set forth in these rules, the Board shall retain records of all Requests, Advice, and unredacted Opinions for an appropriate period of time, no less than ten years, to be determined by the Board in regulations.

## Subchapter C.  Miscellaneous Provisions

### Rule 301.  Conflict of Interest

No Board member shall participate in any matter involving the Board member's own inquiry, or in any matter in which the Board member's impartiality might reasonably be questioned.

### Rule 302.  Expenses and Staff

**(a)**  Board members shall not be compensated, but shall be entitled to reimbursement for actual expenses incurred in the performance of Board duties.

**(b)** Administrative costs and personnel expenses deemed necessary for the Board's operation shall be fixed by the Court Administrator of Pennsylvania and paid out of funds available therefor.